UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

APR 2 9 2026

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | **4:26-cr-00198 MTS/SPM** |
| ) | |
| MICHAEL JONES,    ) | |
| ) | |
| Defendant.    ) | |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times relevant to the Indictment, unless otherwise specified below:

1.     C.J. resided in the Eastern District of Missouri and was over 70 years of age.  She received monthly Social Security retirement benefits as well as a pension from the Public School Retirement Pension.

2.     Defendant MICHAEL JONES ("Defendant Jones") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

3.     On March 11, 2023, C.J. signed a durable power of attorney, naming Defendant Jones as her agent.

4.     On or about April 25, 2023, C.J. was admitted to an assisted nursing facility ("nursing facility") in the Eastern District of Missouri.

5.     On or about December 6, 2023, a second power of attorney document was signed by C.J., naming Defendant Jones as agent.

6.    The power of attorney document stated that as agent for C.J., Defendant Jones was not entitled to any reimbursement for reasonable expenses incurred in exercising his powers as agent.  Furthermore, as agent, Defendant Jones was not entitled to any compensation for his duties.

7.    The power of attorney document specified that Defendant Jones was "to act as the Agent for the Principal's benefit and shall exercise powers in the Principal's best interest and general welfare, as a fiduciary."

8.    C.J. maintained two checking accounts—#0887 and #0929—at U.S. Bank. Defendant Jones used and obtained three U.S. Bank debit cards—#6423, #6071 and #2948—that drew on C.J.'s U.S. Bank account #0887.

9.    Defendant Jones linked his personal Cash App accounts #1yhq and #py6p to C.J.'s U.S. Bank account #0887 utilizing the three debit cards.

10.    C.J. also had a U.S. Bank credit card #8329, as well as two certificates of deposit held at U.S. Bank.

11.    Debit purchases made using U.S. Bank debit cards and cash transfers to Cash App made using C.J.'s U.S. Bank checking accounts were accomplished by means of interstate wire transmission.

## THE SCHEME TO DEFRAUD

12.    The allegations in Paragraphs 1 through 11 are hereby realleged and incorporated herein.

13.    Beginning at least as early as March 2023, and continuing through at least in or around November 2025, in the Eastern District of Missouri, and elsewhere, the defendant,

## MICHAEL JONES,

knowingly devised, executed, and attempted to execute a scheme and artifice to defraud and to obtain the monies, funds, assets, and other property under the custody or control of C.J. by means

2

of false and fraudulent pretenses, representations, and promises by utilizing her funds for himself rather than for her best interest and general welfare as was required as her agent.

## MANNER AND MEANS

As part of Defendant Jones's scheme to defraud and to obtain money:

14.    On or about March 16, 2023, Defendant Jones added himself to C.J.'s two checking accounts, #0887 and #0929, two certificate of deposit accounts #4643 and #4650 and her credit card at U.S. Bank.

15.    Between March and April 2023, Defendant Jones made over $12,000 in purchases using C.J.'s checking account ending in #0887, none of which were for the purpose of maintaining C.J.'s general welfare.   Defendant Jones also utilized her U.S. Bank credit card for his ONLY FANS purchases.

16.    On or about April 26, 2023, Defendant Jones withdrew $128,783.32 from C.J.'s certificate of deposit account #4643 and deposited those funds into the checking account ending in #0929.   Defendant Jones also withdrew $49,467.83 from C.J.'s certificate of deposit account #4650 and deposited those funds into the checking account ending in #0887.

17.    On or about December 13, 2023, Defendant Jones caused the sale of C.J.'s home. The proceeds of the sale, $433,306.61, were wired to account #0887 from Leaders Title Company.

18.    Beginning in or around December 2023 through April 2025, Defendant Jones transferred funds from account #0887 to his Cash App accounts totaling approximately $140,000.00.   Defendant Jones utilized these funds for himself, paying for food, trips, life coaching, and ONLY FANS.

19.    Between on or about February 21, 2024, and February 29, 2024, Defendant Jones purchased 4 properties in St. Louis for $82,935.00 from account #0887.   On or about March 5,

2024, Defendant Jones used $7,833.63 from account #0887 to purchase another property in Hillsboro, Missouri.

20.    On or about March 21, 2024, Defendant Jones opened a personal bank account ending in #1042 at U.S. Bank and electronically transferred $20,000.00 into his newly opened personal account from account #0887.

21.    On or about April 30, 2024, Defendant Jones purchased two properties in East St. Louis, Illinois, for $96,525.71 using funds from account #0887.

22.    From on or about April 2024 to November 2024, Defendant Jones made only one payment for the care of C.J. to the nursing facility.  C.J. was evicted in November 2024 with an outstanding balance owed to the nursing facility of $38,535.60.

23.    On or about November 15, 2024, Defendant Jones moved C.J. into a different assisted living facility.  By on or about November 2025, Defendant Jones had failed to pay the costs of care to the assisted living facility and owed a balance of $52,502.51.

24.    From in or about March 2023 to in or about November 2025, Defendant Jones used and misappropriated approximately $735,137.22 from the accounts of C.J. for his own benefit and not for the benefit of C.J.

**COUNTS ONE THROUGH EIGHT:**
**(Wire Fraud: 18 U.S.C. §§ 1343 & 2)**

25.    On or about the date set forth below, in the Eastern District of Missouri and elsewhere, Defendant Jones, having devised and intended to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme described above, caused to be transmitted an interstate wire communication as described below for each count, each transmission constituting a separate count:

4

| Count | Date | Description of Wire Communication | Amount |
|-------|------|-----------------------------------|--------|
| 1 | 5/2/2023 | A debit purchase utilizing debit card #2948 from account #0887 to Defendant Jones' Cash App account #1yhq | $4,000.00 |
| 2 | 9/20/2023 | A debit purchase from account #0887 for Nike.com | $156.98 |
| 3 | 6/20/2023 | A debit purchase from account #0887 for Southwest Airlines | $965.96 |
| 4 | 4/30/2024 | A wire transfer credit submitted for the purchase of 6229 Church Rd and 1734 Division Ave in the name of C.J. from U.S. bank account #0887 in Missouri to First American Trust, FSB in California | $94,525.71 |
| 5 | 5/20/2024 | A debit purchase utilizing debit card #6071 from account #0887 to Defendant Jones' Cash App account for #1yhq | $2,500.00 |
| 6 | 9/17/2024 | A debit purchase utilizing debit card #6071 from account #0887 to Defendant Jones' Cash App account for #1yhq | $1,874.00 |
| 7 | 1/10/2025 | A debit purchase utilizing debit card #6071 from account #0887 to Defendant Jones' Cash App account for #1yhq | $600.00 |
| 8 | 4/28/2025 | A debit purchase utilizing debit card #6423 from account #0887 to Defendant Jones' Cash App account for #py6p | $400.00 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.    Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts 1 through 8, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

5

2.     If any of the property described above, as a result of any act or omission of the defendant(s):

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney


_____
JOLENE TAAFFE #56946MO
Special Assistant United States Attorney

6